**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| B. E. L., individually and on behalf of his minor child, B.E.L.,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION and KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawaii Public Schools,<br><br>        Defendants-Appellees. | No. 14-17316<br><br>D.C. No. 1:14-cv-00066-SOM-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted February 12, 2018[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court affirmed the Administrative Hearing Officer's conclusion that the State of Hawaii Department of Education did not violate the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1400 *et seq*. We affirm.

B.L. ("Parent"), individually and on behalf of his minor son ("Student"), argues that the district court erred in refusing to address the alleged procedural violations in Student's 2013 Individualized Education Plan ("2013 IEP"). The district court explained that Parent waived those arguments by failing to raise them in his request for a due process hearing. Parent does not address any of the district court's explanations but instead repeats the same arguments he made unsuccessfully to that court. Therefore, the arguments have been waived. *Robinson v. Jewell*, 790 F.3d 910, 915 (9th Cir. 2015).

Moreover, under the IDEA, "[t]he party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice filed under subsection (b)(7), unless the other party agrees otherwise." 20 U.S.C. § 1415(f)(3)(B). The notice only argued that the 2013 IEP denied Student a Free Appropriate Public Education ("FAPE") because it was overly restrictive. The DOE did not agree to the addition of other arguments, and it raised Parent's failure to exhaust the other issues as an affirmative defense. We agree

with the district court that the additional procedural arguments may not be considered.

Nor did the 2013 IEP deny student a FAPE. To determine if a placement is overly restrictive, this Court balances: "(1) the educational benefits of placement full-time in a regular class; (2) the non-academic benefits of such placement; (3) the effect [the student] had on the teacher and children in the regular class; and (4) the costs of mainstreaming [the student]." *Sacramento City Unified Sch. Dist. v. Rachel H.*, 14 F.3d 1398, 1404 (9th Cir. 1994).

We review the district court's findings of fact for clear error and its conclusions of law de novo. *L.J. v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 1002 (9th Cir. 2017). Moreover, we must give "due weight" to the Administrative Hearing Officer's decision, which "requires this court to refrain from substituting its own notions of educational policy for those of the school authority it reviews." *Id.* at 1002-03.

Parent states a general disagreement with the district court's application of the *Rachel H.* factors but does not offer any specific challenges. The district court concluded correctly that Student's placement was appropriate. The record showed that Student was far behind his peers in reading and math, and that he had already received accommodations in the general education classroom that did not help.

3

Parent presented no reason why Student could not obtain non-academic benefits of general education classroom placement during the larger part of the day when he was placed in such a classroom. Student's special education teacher testified that his confidence improved in her classroom. Student's general education teacher testified that it would be difficult to teach multiple grade levels in her classroom.

Parent's arguments to the contrary are unavailing. Parent argues that the 2013 IEP shows that Student was on par with his grade level for language arts, but the same document noted the many areas in which Student needed to improve, and his special education teacher testified that he could not succeed in a second grade setting. The evaluation cited by Parent that shows that Student was on par with his general education peers and that Student's reading and math skills were "low average" does not outweigh other evidence in the record. The private school in which Student was enrolled when Parent removed him from his home school specialized in educating gifted students with dyslexia, and his classroom placement there had limited relevance to his placement under the 2013 IEP. Any admission by Student's teachers about their ability to implement the 2013 IEP in a general education classroom or the legality of teaching below grade level in a general education classroom did not detract from the balancing required by the *Rachel H.* factors. General statements about the placement of non-native English speakers

and students who may have greater learning disabilities than Student, without more, were immaterial.

**AFFIRMED.**